M. KENDALL DAY, Chief
Asset Forfeiture and Money Laundering Section (AFMLS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 514-1263
    Email:  Woo.Lee@usdoj.gov
EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3391/213) 894-4493
    Facsimile: (213) 894-7177
    Email: John.Kucera@usdoj.gov
           Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                  v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>            Defendant. | No. CV 16-05374-DSF (PLAx)<br><br>UNITED STATES' OPPOSITION TO *EX PARTE* APPLICATION FOR ENLARGEMENT OF TIME TO FILE A CLAIM |

1    The United States hereby opposes the *Ex Parte* Application for
2  Enlargement of Time to File a Claim (ECF No. 30) for the reasons
3  stated below:

4    1.    On July 20, 2016, the United States filed this and other
5  actions seeking to forfeit assets acquired by entities affiliated
6  with Low Taek Jho ("Jho Low"), alleging that those assets are derived
7  from or involved in money laundering and other violations of U.S. and
8  foreign law.  Pursuant to Rule G(4)(b) of the Supplemental Rules for
9  Admiralty or Maritime Claims and Asset Forfeiture Actions, direct
10  notice of the forfeiture action was given to known potential
11  claimant.

12    2.    On October 31, 2016, four members of Jho Low's family – Low
13  Hock Peng, Goh Gaik Ewe, Low Taek Szen, and Low May Lin (hereinafter,
14  "claimants") – filed a Verified Claim in this action pursuant to
15  Supplemental Rule G(5)(a), which governs the procedure by which
16  individuals who assert an interest in a defendant property may
17  contest forfeiture.  *See* ECF No. 34.  The government acknowledges
18  that the claim was timely filed.  In their filing, claimants
19  identified themselves as "indirect beneficial owners" of the
20  Defendant Asset.  Claimants indicated that they were filing a claim
21  "in an abundance of caution," acknowledging that because the
22  Defendant Asset is actually held by LBH Real Estate (Beverly Hills)
23  LLC (hereinafter, the "Holding Company"), through a trust that
24  claimants do not control, "there is legal precedent that [claimants]
25  would not have standing to pursue [a] claim" under Rule G(5)(a)."
26  *Id.* at 2.

27    3.    On that same day, claimants separately filed a Motion to
28  Intervene pursuant to Federal Rule of Civil Procedure 24(a), in which

they seek to be added as plaintiffs in this case "in their personal capacities and on their own behalf," in order to secure relief against Rothschild Trust (Schweiz) AG and Rothschild Trust New Zealand Ltd. (collectively, "Rothschild" or "Trustee"), the Trustee with "sole authority to direct [the Holding Company] to seek an extension or file a claim in the Forfeiture Action." Mot. to Intervene at 3. More particularly, claimants seek intervenor status in order to request: (i) the court-ordered transfer of the Defendant Asset from the existing trustee to a new entity willing to bring a claim on behalf of the Holding Company, and (ii) declaratory relief that, in claimants' view, would cause or compel Rothschild to file a claim on behalf of the Holding Company.

4. Simultaneously with that Motion to Intervene, claimants filed an *Ex Parte* Application for Enlargement of Time to File a Claim, in which they seek to extend the claims deadline for the Holding Company until fourteen days after resolution of their Intervention Motion. Claimants contend that they need the "additional time to arrange for the proper claimants to the Defendant Asset to file a claim," which they apparently hope to accomplish through their Motion for Intervention.

5. As this Court's Standing Order recognizes, "[e]x parte applications are solely for extraordinary relief and are rarely justified." *See* ECF No. 14 at 1 (citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Claimants' *Ex Parte* Application for Enlargement of Time falls short of meeting this standard. As an initial matter, even assuming that there were cause to extend the claims deadline – despite the refusal of the Trustee to file a claim – that would not justify the need to

seek that extension by *ex parte* application.  By their own admission, claimants' counsel has been in discussions with the Trustee "[s]ince early August of 2016" in an effort to persuade the Trustee to file a claim on behalf of the Holding Company.  *See* Mot. to Intervene at 3.

6.   The fact that the Trustee will not file a claim under Rule G(5)(a) on behalf of the Holding Company is also not an extraordinary circumstance justifying the relief sought in the *Ex Parte* Application.  Rather, it is a natural and foreseeable consequence of the manner in which the trust and trust assets were structured, with control over the res lodged in the trustee, presumably for the purpose of protecting assets.  *Cf. United States v. $2,767,200.27*, No. 03-1289, 2006 WL 1989860, at *1 (C.D. Ill. Jul. 13, 2006) ("The creation of a Trust provides a Trustor with certain legal and tax consequences; however, in return, the Trustor gives up certain rights," including "the right to bring a claim on behalf of the Trust.").  The Holding Company has already had ample time to file a claim, and it has declined to participate in this litigation.

7.   Critically, claimants are not seeking an extension of their *own* time to file a claim – as they filed a claim on October 31, 2016. Accordingly, the denial of their Application for an enlargement of the claims deadline will not compromise any right *they* have to contest the forfeiture (to the extent they have any such right). Rather, contrary to their representation that they are "expressly limit[ing] their appearance to asserting and defending *their* claim," claimants are seeking an extension for the Holding Company, which they admittedly neither control nor have authority to speak for.  *See* Claim at 3.  In their Motion to Intervene, claimants concede that Rothschild has "sole authority to direct [the Holding Company] to

seek an extension . . . in the Forfeiture Action."  Mot. to Intervene at 3.  Had Rothschild wished to extend the time of the Holding Company in order to resolve what claimants identify as Rothschild's "fear" that filing a claim in this litigation might expose it to criminal liability, it could have done so.

8.   Claimants also cite their pending Motion for Intervention ("Motion") as a basis to grant their *Ex Parte* Application to extend the Holding Company's claims deadline, contending that the relief sought in that Motion "would be meaningless if the claim deadline for the proper claimants had already lapsed" by the time that Motion was resolved.  *Ex Parte* App. at 6.  In advancing this argument, claimants acknowledge that they are not "proper claimants" with standing to contest the forfeiture, but they nevertheless seek an enlargement of time to permit themselves to try to circumvent this threshold obstacle.  The United States intends to oppose claimants' Motion to Intervene in accordance with the times set forth in the Local Rules. The basic premise of that Motion is sufficiently flawed, however, that the Court would be entitled to reject it as a basis for the relief sought in the *Ex Parte* Application, without the need for further briefing.  Claimants explicitly seek to use the process of intervention to help them secure standing to contest the forfeiture. But that is a direct inversion of the legal framework.  Standing to contest a forfeiture is an absolute prerequisite to intervention in any forfeiture action, and that right to intervention is governed not by Federal Rule of Civil Procedure 24 but by 18 U.S.C. § 983(a), Supplemental Rule G, and Article III of the Constitution.  *See United States v. $133,420.00*, 672 F.3d 629, 635 (9th Cir. 2012) (observing that "[a]ny person wishing to intervene" must comply with 18 U.S.C. §

4

983(a)(4)(A), (B) and Supp. R. G(5) and must demonstrate Article III standing).  The Court should decline to exercise its discretion to enlarge the claims deadline to allow claimants to try to circumvent these requirements.  *See United States v. $100,348.00*, 354 F.2d 1110, 1117 (9th Cir. 2004) (noting that a court "should only exercise its discretion to grant additional time [to file a claim in a forfeiture action] where the goals underlying the time restriction and the verification requirement are not thwarted.") (internal punctuation omitted).

For these reasons, the United States respectfully requests that the Court deny claimants' *Ex Parte* Application for Enlargement of Time.

Dated: November 1, 2016          Respectfully submitted,

                                 M. KENDALL DAY
                                 Chief, AFMLS

                                 EILEEN M. DECKER
                                 United States Attorney


                                 _____/s/John J. Kucera_____
                                 JOHN J. KUCERA
                                 CHRISTEN A. SPROULE
                                 Assistant United States Attorneys

                                 WOO S. LEE
                                 Deputy Chief, AFMLS
                                 KYLE R. FREENY
                                 Trial Attorney, AFMLS

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA