Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Jeremy D. Matz - State Bar No. 199401
    jmatz@birdmarella.com
Naeun Rim - State Bar No. 263558
    nrim@birdmarella.com
Patricia H. Jun - State Bar No. 277461
    pjun@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Claimant 80 Columbus
Circle (NYC) LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>REAL PROPERTY IN NEW YORK, NEW YORK,<br><br>            Defendant.<br><br>———————————————<br><br>80 COLUMBUS CIRCLE (NYC) LLC,<br><br>            Titleholder. | CASE NO. 16-CV-5374-DSF (PLAx)<br><br>**CLAIMANT 80 COLUMBUS CIRCLE (NYC) LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER STAYING CIVIL FORFEITURE PROCEEDINGS FOR ALL PURPOSES EXCEPT THE FILING OF TIMELY CLAIMS AND ANSWERS**<br><br>Date: Sept. 18, 2017<br>Time: 01:30 p.m.<br>Ctrm: 7D<br><br>Assigned to Hon. Dale S. Fischer |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ........................................................................... 5

II.     BACKGROUND .............................................................................. 5

III.    LEGAL STANDARD ...................................................................... 8

IV.    ARGUMENT .................................................................................. 10

      A.    The Government's Request for a Stay Should be Denied Because
the Government Has Not Shown that Civil Discovery Will
Adversely Affect the Criminal Investigation ........................................ 10

      B.    A Stay Under Section 981 Must Be of Limited Duration and
Extended Only Upon Proof .................................................................... 11

      C.    A Blanket Stay is Unnecessary When Limited Civil Discovery
and Rule 12 Motions Would More Appropriately Protect Both
Parties' Interests .................................................................................... 14

V.     CONCLUSION ............................................................................... 18

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*United States v. $177,844.68 in U.S. Currency*,
    No. 2:13-CV-00100-JCM, 2015 WL 355495 (D. Nev. Jan. 27,
    2015) ................................................................................................... 13

*United States v. $177,844.68 in U.S. Currency*,
    No. 2:13-CV-100-JCM-GWF, 2014 WL 4071054 (D. Nev. Aug. 15,
    2014) ................................................................................................ 9, 10

*United States v. $191,910.00 in U.S. Currency*,
    16 F.3d 1051 (9th Cir. 1994) ................................................................. 8

*United States v. $3,592.00 United States Currency*,
    No. 15-CV-6511-FPG, 2016 WL 5402703 (W.D.N.Y. Sept. 28,
    2016) ................................................................................................... 11

*United States v. $307,970.00, in U.S. Currency*,
    156 F. Supp. 3d 708 (E.D.N.C. 2016) ......................................... 8, 9, 10

*United States v. 2013 Jeep Wrangler Sport Util. Vehicle*,
    No. 6:14-CV-1080, 2014 WL 4225089 (W.D. La. Aug. 26, 2014) .................... 13

*United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of
    Florida Account No. 7240001868*,
    No. Civ.A.3:04-CV-1476-G, 2004 WL 1834589 (N.D. Tex. Aug.
    10, 2004) ............................................................................................ 5, 7

*United States v. All Funds Deposited in Account No. 20008524845,
    First Union Nat'l Bank*,
    162 F. Supp. 2d 1325 (D. Wyo. 2001) ................................................... 9

*United States v. All Funds on Deposit in Suntrust Account No.
    XXXXXXXX8359, in Name of Gold & Silver Reserve, Inc.*,
    456 F. Supp. 2d 64 (D.D.C. 2006)...................................................... 4, 5

*United States v. Approximately $104,770 in U.S. Currency*,
    No. C 11-0249 MMC, 2011 WL 2472573 (N.D. Cal. June 22, 2011)......... 8, 9, 10

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

.7

ii

*United States v. Banco Cafetero Panama*,
    797 F.2d 1154 (2d Cir. 1986) ................................................................. 8

*United States v. Contents of Accounts*,
    No. 3:10-CV-228-H, 2010 WL 2682397 (W.D. Ky. July 2, 2010) .................... 12

*United States v. Currency $716,502.44*,
    No. 08–CV–11475, 2008 WL 5158291 (E.D. Mich. Dec. 5, 2008) ..................... 5

*United States v. Four Hundred Sixty Three Thousand Four Hundred*
    *Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S.*
    *Currency*,
    604 F. Supp. 2d 978 (E.D. Mich. 2009) ........................................... 6, 10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................. 7, 9, 10

*United States v. $1,026,781.61 In Funds From Florida Capital Bank*,
    Nos. CV 09-04381-JVS(ANx) ........................................................... 6

*United States v. One Hewlett Packard Pavilion Laptop*,
    No. C 09-02664 WHA, 2009 WL 3061998 (N.D. Cal. Sept. 21,
    2009) ..................................................................................... 8

*United States v. Real Prop. & Improvements Identified by Mendocino*
    *Cty., APN 051-290-04, 051-300-02, 051-310-01, 051-320-01*,
    No. C 08-03093 WHA, 2009 WL 891862 (N.D. Cal. Apr. 1, 2009) ............... 5, 9

*United States v. Real Prop. & Premises*,
    657 F. Supp. 2d 1060 (D. Minn. 2009) ........................................... 4, 5

*United States v. Sum of $70,990,605*,
    4 F. Supp. 3d 209 (D.D.C. 2014).................................................. 5, 13

*Wimberly v. Rogers*,
    557 F.2d 671 (9th Cir. 1997) ........................................................... 8

**State Cases**

*United States v. Sum of $70,990,605*,
    No. CV 12-1905-RDM-AK, 2015 WL 739521 (D.D.C. Feb. 20,
    2015) ..................................................................................... 14

1

**Federal Statutes**

2

18 U.S.C. § 981(g) ............................................................................................*passim*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 20, 2016, the Government filed a 136-page verified Complaint, instituting this and fifteen substantially similar forfeiture actions. Since that time, and at every turn, the Government has sought to avoid resolving the cases on their merits. The Government's motion seeking an indefinite stay of proceedings, filed to avoid responding to discovery requests served on the Government, is the latest iteration of this strategy. Mot. to Stay, Dkt. No. 107.[1] The Government's overbroad and extraordinary request for a stay of indeterminate duration, during which time the defendant assets would remain in limbo, should be denied. If the Court is inclined to permit a temporary stay of definite duration, the Court should, consistent with the provisions of 18 U.S.C. § 981(g), permit Rule 12 motions and certain aspects of discovery to proceed.[2]

## II. BACKGROUND

The Government's attempt to use the provisions of 18 U.S.C. § 981(g) to delay discovery reflects its latest attempt to avoid its burden of proving its case at trial. First, the Government paralyzed Claimants' original trustees from filing claims by insinuating that the mere filing of claims could lead to criminal liability and refusing to dispel that notion. See Mot. to Intervene, Dkt. No. 29 at 1-2, 4; Mot. to File Late Claim, Dkt. No. 74 at 5, 11, 13-15; Order Granting Mot. to File Late Claim, Dkt. No. 92. Next, the Government spent many months trying to thwart Claimants from

---

[1] For ease of reference, all references to the record are to the docket in Case No. CV 16-5374.

[2] The Government filed identical motions to stay in each of the following cases: CV 16-5364, CV 16-5367, CV 16-5368, CV 16-5369, CV 16-5370, CV 16-5374, CV 16-5375, and CV 16-5378. For the Court's ease, Claimants JW Nile (BVI) Ltd., Global One Aviation (Global 5000) Ltd., LBH Real Estate (Beverly Hills) LLC, JW Hospitality (VHG US) LLC, JW Hospitality (VHG INTL) Ltd., 36 CPS Condos (NYC) LLC, 36 CPS Residential Sales (NYC) Limited, 36 CPS Parking (NYC) Limited, 36 CPS Luxury Hotel (NYC) Limited, 80 Columbus Circle (NYC) LLC, 118 Greene Street (NYC) LLC, and Oriole Drive (LA) LLC (collectively, "Claimants") have filed identical oppositions to those motions.

1  appearing in the case in order to protect their assets, claiming that permitting
2  Claimants to do so would delay and hinder the discovery process on which the
3  Government said it was so eager to embark.  These efforts included the Government's
4  attempt to block Claimants from filing claims through the appointment of new
5  trustees.  The Government claimed that allowing such claims would "delay this
6  Court's proceedings" and hinder the Government's ability to pursue discovery. Opp'n
7  to Mot. to Continue Hr'g, Dkt. No. 48 at 3, 4; at 6, 7 ("This is particularly concerning
8  should a replacement trustee eventually file a claim and begin discovery, but have no
9  meaningful information to provide . . . potential intervenors cannot adequately assure
10 that further and potentially substantial delay will not be caused").  Once Claimants
11 did file claims, the Government fought to prevent those claims from going forward in
12 an effort to secure forfeiture by default without proving its allegations.  The
13 Government complained that it "anticipate[d] significant difficulty and delay in
14 discovery" were Claimants permitted to file claims and litigate this case on its merits.
15 Opp'n to Mot. to File Late Claim, Dkt. No. 81 at 21.

16      Now, the Government's effort to indefinitely stay all discovery—and almost
17 everything else about this case too—exposes the reality that the Government has no
18 interest in exchanging information with Claimants, respecting Claimants' substantive
19 and procedural rights, or moving this case forward at all towards a resolution.  It is
20 now apparent that the Government was crying wolf about potential delays in
21 discovery in order to bolster its efforts to win by default without presenting its case
22 on the merits. In permitting Claimants to file late claims, the Court noted that
23 Claimants are "the official title holders of the properties" and that the "government
24 apparently agrees that the holding company Claimants have standing to bring claims
25 in these actions." Order Granting Mot. to File Late Claim, Dkt. No. 92 at 4.
26 Nonetheless, on June 6, 2017, the Government served interrogatories purportedly
27 relating to Claimants' standing to litigate this case under Rule G(6) of the
28 Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

thereby avoiding responding to certain Claimants' May 15, 2017 motions to dismiss and further delaying the resolution of this case.

Faced with the prospect of engaging in the very discovery that it feigned consternation at being unjustifiably delayed by Claimants' appearance in this action, the Government now seeks an indefinite stay of these proceedings, proving that its previous position was simply posturing for the sake of obtaining a judgment by default rather than being put to its proof. Claimants, having rightly been allowed to file claims and defend this case on the merits, served document requests on the Government seeking, *inter alia*, documents specifically identified in the Complaint and the very documents that FBI Agent Robert B. Heuchling attested he reviewed in verifying the Government's Complaint more than a year ago. As the deadline to respond to those requests approached, the Government informed Claimants that it intended to file amended complaints. The Government first asserted that the filing of those amended complaints would moot certain Claimants' discovery requests. When Claimants disagreed, the Government then stated that it would be moving to stay the proceedings, thereby avoiding its civil discovery obligations.

Now, after more than a year of litigation, and notwithstanding that the conduct alleged in the Complaint occurred as far back as eight years ago and that the Government has apparently been investigating that conduct for some unspecified period of time prior to the July 2016 institution of these actions, the Government contends that it is entitled to an *indefinite* extension of time to prove the forfeitability of the Defendant Assets with nothing more than the promise of six-month check-ins as the only comfort that it will ever actually seek to do so.

Not only is the Government's request for an indefinite stay constitutionally impermissible, but also the scope of the requested stay is improperly broad. A blanket stay that indefinitely halts all discovery and prevents the Court from considering even threshold Rule 12 issues, including whether this Court's jurisdiction over these assets is even proper, would neither serve the interests of justice nor protect Claimants' due

process rights. The Court should deny the Government's request for a stay of indefinite duration, permit discovery based on the Government's own disclosures in the Complaint and First Amended Complaint, and allow the filing, briefing, and resolution of motions under Rule 12 during the pendency of any stay.

## III. LEGAL STANDARD

The Government seeks to stay this action under 18 U.S.C. § 981(g), which provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1). The Government bears the burden of establishing that civil discovery in a forfeiture proceeding will adversely affect a related criminal investigation. *See United States v. Real Prop. & Premises*, 657 F. Supp. 2d 1060, 1063 (D. Minn. 2009). A criminal investigation is related to a civil forfeiture case if there are "common facts, similar alleged violations and some common parties." *See United States v. All Funds on Deposit in Suntrust Account No. XXXXXXXX8359, in Name of Gold & Silver Reserve, Inc.*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006); 18 U.S.C. § 981(g)(4) (explaining the Court should consider "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings" when deciding whether a criminal investigation is related to a civil forfeiture proceeding).

There is no presumption that a stay is appropriate when a related criminal investigation is ongoing or that civil discovery, in and of itself, will have an adverse effect on the Government's criminal proceedings. *See United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Florida Account No. 7240001868*, No. Civ.A.3:04-CV-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) (explaining that not every civil forfeiture case with a related criminal investigation is entitled to a stay); *United States v. Currency $716,502.44,* No. 08–CV–11475, 2008

WL 5158291, at *4 (E.D. Mich. Dec. 5, 2008) ("Neither the fact that the Government would be subject to civil discovery, nor bare assertions of hardship by the Government, are enough to satisfy the statutory standard.").

Rather, the Government must "make an **actual showing** that civil discovery will adversely affect the investigation or prosecution of a related criminal case." *All Funds on Deposit in Suntrust Acc. No. XXXXXXXX8359*, 456 F. Supp. 2d at 65 (emphasis added). "Speculative and conclusory theories" that discovery will impact a criminal investigation will not suffice. *See All Funds ($357,311.68)*, 2004 WL 1834589, at *2 (holding the "Government must make an **actual showing** regarding the anticipated adverse effect.") (emphasis added); *Real Prop. & Premises*, 657 F. Supp. 2d at 1063 ("The Government cannot discharge its burden by claiming that the discovery process could, theoretically, impair the criminal case."); *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 214 (D.D.C. 2014) (explaining "the United States cannot rest on speculation about what **may** happen" and rejecting the Government's argument that discovery would prematurely expose the identity of targets and "could result in the destruction of evidence" where the Government "offer[ed] no evidence . . . that destruction of evidence is likely.") (emphasis added).

Moreover, any stay must be of a limited duration and the Court may impose appropriate limitations permitting certain aspects of the case or certain categories of discovery to go forward. *See United States v. Real Prop. & Improvements Identified by Mendocino Cty.*, *APN 051-290-04, 051-300-02, 051-310-01, 051-320-01*, No. C 08-03093 WHA, 2009 WL 891862, at *1 (N.D. Cal. Apr. 1, 2009) ("[T]he Supreme Court has held that stays which are indefinite will not be upheld."); *United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency*, 604 F. Supp. 2d 978, 982 (E.D. Mich. 2009) (explaining Section 981 "is not an all-or-nothing statute" but rather allows for discovery in a manner that would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case).

.7

9

# IV. ARGUMENT

**A.    The Government's Request for a Stay Should be Denied Because the Government Has Not Shown that Civil Discovery Will Adversely Affect the Criminal Investigation**

To meet its burden and justify a stay, the Government must make an "actual showing regarding the anticipated adverse effect from civil discovery."  *See, e.g.*, *United States v. $1,026,781.61 In Funds From Florida Capital Bank*, Nos. CV 09-04381-JVS(ANx), SACV 09-0716-JVS(ANx), 2013 WL 4714188, at *1 (C.D. Cal. Jul. 29, 2013) (quoting *United States v. 475 Martin Lane*, No. CV 04-2788 ABC (MCx), 2005 U.S. Dist. LEXIS 45777, at *4 (C.D. Cal. Aug. 17, 2005)).  Rather than attempting to meet that burden, the Government here glibly ignores it by making the sweeping assertion that civil discovery will have an "obvious" adverse effect on the investigation because the investigation is global in scope and  the alleged unlawful acts were purportedly committed over several years.  (Mot. for Stay at p. 12.)  The Government claims that "[a]ny disclosures by the government beyond those in the complaint will reveal details" of the investigation, to which the "potential targets and subjects are not entitled." *Id*.

The only support the Government offers for these claimed fears are the vague and speculative assertions in FBI Agent Jill Enyart's Declaration that her personal belief is that discovery is "likely to reveal potential targets and subjects of the investigation and the investigative techniques" used, and that it "could result in the destruction of evidence, flight of potential subjects and targets, or the identification and intimidation of potential witnesses." Decl. of Jill Enyart, Dkt. No. 107 at 2.  The agent provides virtually no information or details about the investigation that would enable the Court to assess these conclusory assertions.  The Government is essentially arguing that the mere existence of a related criminal investigation, coupled with a conclusory statement from an agent, leads to the conclusion that discovery would adversely affect that investigation even when the Government fails to make any

.7

1   showing of actual or even anticipated harm.

2         The Court should reject the Government's attempt to ignore 18 U.S.C. §

3   981(g)(1)'s requirement that civil discovery must actually adversely impact an

4   investigation.  That determination cannot be made on the basis of such vague and

5   conclusory statements  *See All Funds ($357,311.68) Contained in N. Trust Bank of*

6   *Fla. Account No. 7240001868*, 2004 WL 1834589, at *3–4 (N.D. Tex. Aug. 10, 2004)

7   (holding that "[t]here is no presumption that civil discovery, in itself, automatically

8   creates an adverse [e]ffect on the government's related criminal proceeding," and

9   finding that a stay could not be granted based on the government's arguments, which

10  did "nothing more than speculate about how civil discovery will adversely affect its

11  criminal investigation.").  The Government's failure to meet the requirements of

12  section 981(g)(1) is fatal to its request for a stay.

13  **B.**    **A Stay Under Section 981 Must Be of Limited Duration and Extended**

14          **Only Upon Proof**

15        The Government's effort to impose an unbounded stay in this matter is

16  particularly concerning given its strenuous objection to trying its case on the merits

17  and the impact on Claimants' due process interests. The Supreme Court has long

18  recognized that indefinite stays offend due process and traditional notions of justice.

19  *See Landis v. N. Am. Co.*, 299 U.S. 248, 255-57 (1936) (holding a "stay is immoderate

20  and hence unlawful unless so framed in its inception that its force will be spent within

21  reasonable limits"); *see also Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1997)

22  (holding the "district court's indefinite stay of all proceedings is tantamount to a

23  denial of due process"). These concerns are particularly acute in the civil asset

24  forfeiture context. *See United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051,

25  1068 (9th Cir. 1994) (explaining that the Ninth Circuit is "particularly wary of civil

26  forfeiture statutes" because they "impose quasi-criminal penalties" but do not provide

27  property owners with the degree of procedural protections provided to criminal

28  defendants); *United States v. $307,970.00, in U.S. Currency*, 156 F. Supp. 3d 708,

.7

11

716 (E.D.N.C. 2016) (explaining "the specific due process concern spurred by inaction in a forfeiture case 'mirrors the concern of undue delay encompassed in the right to a speedy trial.'") (quoting *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 564 (1983)); *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2d Cir. 1986) ("[W]e do not agree with the Government's contention that due process is fully satisfied merely by the commencement of forfeiture proceedings within a reasonable time after seizure. . . The Government argues that, once an action is filed, delays of any length may be granted to allow completion of related criminal proceedings. . . [to] allow indefinite postponement of the trial . . . there is a due process violation at some point.").

Accordingly, indefinite stays of forfeiture proceedings are not permitted.  *E.g.*, *United States v. Approximately $104,770 in U.S. Currency*, No. C 11-0249 MMC, 2011 WL 2472573, at *2 (N.D. Cal. June 22, 2011) (ordering 90 day stay and noting that "[t]he Government does not specify the period for which it seeks to have the matter stayed. Indefinite stays, however, may not be granted."); *United States v. One Hewlett Packard Pavilion Laptop*, No. C 09-02664 WHA, 2009 WL 3061998, at *1 (N.D. Cal. Sept. 21, 2009) (declining to impose indefinite stay on civil forfeiture proceedings "as the Supreme Court has held that stays which are indefinite will not be upheld. … The Court will continue to monitor the litigation and ensure that it proceeds in a timely manner."); *Real Prop. & Improvements*, 2009 WL 891862, at *1 (holding that the "stay, however, will not be for an indefinite amount of time but for only 180 days, as the Supreme Court has held that stays which are indefinite will not be upheld."); *United States v. $177,844.68 in U.S. Currency*, No. 2:13-CV-100-JCM-GWF, 2014 WL 4071054, at *9 (D. Nev. Aug. 15, 2014) (rejecting Government's request for a "stay of unspecified duration" and permitting a stay of discovery for 90 days); *United States v. All Funds Deposited in Account No. 20008524845, First Union Nat'l Bank*, 162 F. Supp. 2d 1325, 1332 (D. Wyo. 2001) (stating the court is "mindful of the burdens civil forfeiture places on claimants/defendants" and ordering a 90 day

1    stay because "stays which are indefinite will not be upheld."). These concerns are

2    especially acute where the investigation is "fluid" and no charging decisions have

3    been made. *See, e.g.*, *United States v. $307,970.00, in U.S. Currency*, 156 F.Supp.3d

4    708, 727 (E.D.N.C. 2016).

5          The Government cannot escape the prohibition on indefinite stays through its

6    proposal to "report to the Court every 180 days" regarding the "status" of the

7    investigation. Mot. to Stay, Dkt. No. 107 at 1. Such a request is tantamount to an

8    indefinite stay. The law is clear—the stay must have an end date, the Government

9    must renew its motion for a stay, and the Government bears the burden of proving

10   that the stay should be extended beyond that date. A stay cannot be presumptively and

11   continuously renewed in the absence of such a showing. *See Landis*, 299 U.S. at 257;

12   *$104,770*, 2011 WL 2472573, at *2 (ordering that a "stay of 90 days duration is

13   warranted. If the government subsequently files a motion to extend the stay, the

14   Government once again will have to meet the burden placed on it by 18 U.S.C. §

15   981(g)."); *All Funds Deposited in Account No. 20008524845*, 162 F. Supp. 2d at

16   1332-33 ("If there are to be any subsequent motions for a stay, the Government will

17   have to meet the burdens placed on it by 18 U.S.C.A. § 981(g).").

18         The Supreme Court has specifically rejected the suggestion that the party

19   opposing the stay should be required to prove that it should no longer apply; rather,

20   the Government must satisfy its burden of showing a real and actual adverse effect.

21   *See Landis*, 299 U.S. at 257 ("We think the answer is inadequate that in the

22   contingencies suggested the respondents will be at liberty to move to vacate the stay,

23   and will prevail upon that motion if they can satisfy the court that its restraints are

24   then oppressive. *To drive them to that course is to make them shoulder a burden that

25   should be carried by the Government*.") (emphasis added).

26         Underscoring the requirement that the Government renew motions to stay is

27   the recognition that "the government is not entitled to protect its information

28   indefinitely," and that the adverse effect of civil discovery on an investigation "will

.7

13

dissipate over time." *See $463,497.72*, 604 F. Supp. 2d at 982 (granting stay for two months but cautioning that the time for the Government to complete its investigation of events that occurred three years earlier was "drawing to a close"). Thus, when the Government has had ample time to conduct its investigation, courts require a "substantial justification" to support extended stays. *See $307,970.00*, 156 F. Supp. 3d at 727. For example, in *$307,970.00*, the court refused to extend a 18 U.S.C. § 981(g) stay until the completion of the criminal investigation, deeming this request "too indefinite" and granting an extension of only six months. *Id*. at 726-27. The court noted that a further stay was "disfavored without substantial justification, particularly as to the reason why such extended time period is necessary." *Id*.

Temporally, if the Court is inclined to grant a stay, such a stay should be limited to the commonly imposed 90 days, and should be renewed only upon motion by the Government and proof of the necessity of an extension. *See*, *e.g.*, *$177,844.68*, 2014 WL 4071054, at *9 (denying request for a "stay of unspecified duration," granting a stay of discovery for only 90 days); *$104,770*, 2011 WL 2472573, at *2 (rejecting indefinite stay and instead imposing 90 day stay). If the Government seeks an extension of the stay, it can return to the Court and ask for one. Mot. to Stay, Dkt. No. 107 at 1. Given the Government's determined efforts to avoid trying this case on the merits, the amount of time that has already passed since it instigated the alleged investigation, and that the conduct allegedly occurred years ago, the Government's justification for a stay is rapidly dissipating while Claimants continue to suffer the deprivation and devaluation of their property. Consequently, it is appropriate and necessary that the Court monitor the situation closely to ensure the Government meets the statutory requirements for a stay before each extension is granted.

## C.    A Blanket Stay is Unnecessary When Limited Civil Discovery and Rule 12 Motions Would More Appropriately Protect Both Parties' Interests

A blanket stay is not the sole or appropriate remedy. Under the current circumstances, where Claimants' use and benefit of their assets remain constrained

1   while the Government avoids trying its case, a limited stay, pursuant to Section

2   981(g), which would better balance Claimants' clear and legitimate interests against

3   the Government's nebulous assertions of harm, is appropriate.

4          The Government's request for a complete stay except for claims and answers

5   is overbroad and not tailored to its purported concerns about an adverse impact on its

6   investigation. *See United States v. $3,592.00 United States Currency*, No. 15-CV-

7   6511-FPG, 2016 WL 5402703, at *2 (W.D.N.Y. Sept. 28, 2016) (finding that "to grant

8   a stay on this record, without any specific showing and when no lesser alternatives"

9   like "preliminarily limiting discovery to certain areas or types[] have even been

10  attempted, in this Court's view would be inconsistent with the standard articulated by

11  the statute."). The Complaint and First Amended Complaint span hundreds of

12  paragraphs and pages and identify 18 "relevant individuals and entities." *See* U.S.

13  Gov't Am. Compl., Dkt. No. 105 at 10-13. The Complaints also specifically identify

14  a substantial number of other persons and entities, along with the particular documents

15  and records of those persons and entities, purported to be involved in the conduct

16  forming the basis of the Government's forfeiture claims, including, *inter alia*,

17  Goldman Sachs, Deutsche Bank, JP Morgan, RBS Coutts, BSI Bank, Shearman &

18  Sterling, LLP, Caesars Palace, KPMG, Christies' Auction House, the Falcon Bank

19  CEO, 1MDB's Director of Investments, and the "then-CEO of 1MDB." *See* U.S.

20  Gov't Am. Compl., Dkt. No. 105. The motion to stay, the Complaints, and the public

21  filings in this matter also identify the jurisdictions in which potential alleged targets,

22  witnesses, and evidence are located, and from which, and in what manner, the

23  Government is seeking information, namely, Singapore, Switzerland, Luxembourg,

24  Malaysia, Saudi Arabia, and the United Arab Emirates. *See* Mot. to Stay, Dkt. No.

25  107 at 8; Decl. of Patricia Jun, Dkt. No. 89-1 at 1 (attaching documents relating to

26  May 2016 mutual legal assistance treaty request between the United States and

27  Switzerland).

28         Having publicly set forth these allegations, the Government cannot be heard to

.7
                                    15
OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER STAYING CIVIL FORFEITURE PROCEEDINGS

complain that discovery requests about these very documents, entities, and persons—which the Government relied upon in verifying the Complaint—could threaten its investigation. As the court in *United States v. Contents of Accounts*, No. 3:10-CV-228-H, 2010 WL 2682397, at *2–3 (W.D. Ky. July 2, 2010) aptly observed:

> Defendants are already on notice of numerous issues the government is investigating, based on the property seizures, the filing of the civil complaint and the unsealing of [an] affidavit. The government has already lost the element of surprise by pursuing the case the way it has. Additionally, there are several areas of inquiry the Defendants could pursue that would produce information relevant to their defense that is wholly unrelated to sensitive information the government wishes to protect.

The Government tries to justify a stay based on a purported risk that civil discovery would "reveal potential targets and subjects" or "lead to the disclosure of information relating to the sources of evidence from whom the government obtained evidence, including foreign jurisdictions," but the Government's publicly filed Complaints are a veritable list of its potential targets, subjects and witnesses. Just as in *Contents of Accounts*, the Government here long ago lost the element of surprise. In such instances, the Court is empowered to allow discovery to go forward that would not *actually* adversely affect the Government's investigation, and the discovery already sought by Claimants (but not produced by the Government) would not do so. *See $70,990,605*, 4 F. Supp. 3d at 214 (denying motion for complete stay and allowing discovery regarding "the applicability of international comity, the act of state doctrine, or the innocent owner defense"); *United States v. 2013 Jeep Wrangler Sport Util. Vehicle*, No. 6:14-CV-1080, 2014 WL 4225089, at *1 (W.D. La. Aug. 26, 2014) (denying stay and allowing the claimant to "formally inquire through normal civil discovery techniques, to which the government may object if appropriate" and the Court could rule on); *United States v. $177,844.68 in U.S. Currency*, No. 2:13-CV-00100-JCM, 2015 WL 355495, at *7 (D. Nev. Jan. 27, 2015) (allowing discovery when claimants were "willing to work with the Government to reach a mutual

.7

16

1  agreement on the scope of any necessary discovery. The Court is not persuaded that

2  the Government's criminal investigation in this case will be adversely affected if the

3  stay is lifted and this case is allowed to proceed" with certain limitations on

4  discovery). The cat is out of the bag, and the Government should not be allowed to

5  stall a case it alone decided to bring.

6        Claimants have attached a tailored set of document requests for the Court to

7  evaluate whether such requests would *actually* adversely affect the Government's

8  investigation. (*See* **Exhibit A**, Second Set Of Requests For Production Of

9  Documents.) These discovery requests are based entirely on the Government's

10  express referrals in the Complaint to banking, corporate, and transactional documents.

11  The Government has already analyzed and preserved these documents, and has made

12  their existence part of the public record.  It cannot be said that the production of these

13  documents—part of the ordinary course of civil discovery—would present a risk that

14  evidence will be destroyed or potential targets or subjects revealed beyond what the

15  Government has itself disclosed. Moreover, during the pendency of any such stay, the

16  Court, pursuant to Section 981(g)(3), should permit Claimants to pursue third-party

17  discovery under Rule 45 through the issuance of third-party subpoenas. The purported

18  investigation has been ongoing for more than a year and the Government's

19  unsubstantiated, speculative, and conclusory claims of an adverse effect should not

20  prejudice the Claimants' ability to defend this matter and protect their property from

21  seizure.

22        The Court should also deny the Government's request to stay this case in its

23  entirety except for the filing of claims and answers. The Government has offered no

24  justification for such an expansive stay, particularly when Claimants are suffering

25  irreparable harm as a result of the putative seizure of their property. Because the

26  Government's desire for a stay stems from its unwillingness to participate in the

27  discovery process, the Court should, at the very least, permit the filing, briefing, and

28  resolution of motions under Rule 12 during the pendency of any stay. Motions related

.7

17

to the sufficiency of the Government's pleadings as well as motions regarding whether this Court has jurisdiction or is the appropriate venue for these proceedings should be permitted to go forward, as such motions do not require the Court to consider matters outside the pleadings. *United States v. Sum of $70,990,605*, No. CV 12-1905-RDM-AK, 2015 WL 739521, at *1 (D.D.C. Feb. 20, 2015) (holding that the Court could rule on motions for summary judgment and motions to strike during without adversely affecting the criminal investigation).

## V. CONCLUSION

For the foregoing reasons, the Government's motion for an indefinite stay of all proceedings save for the filing of claims and answers should be denied.


DATED:  August 28, 2017          Respecfully submitted,

Ekwan E. Rhow
Jeremy D. Matz
Naeun Rim
Patricia H. Jun
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____/s/Jeremy D. Matz_____
          Jeremy D. Matz
Attorneys for Claimant 80 Columbus Circle
(NYC) LLC